United States District Court
Central District of California

**ORIGINAL**

**ENTERED**
JAN 2 9 2001
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY

UNITED STATES OF AMERICA vs
Defendant: SANTOS, Nilo Limcaoco

SA CR 96-26-AHS
Social Security # 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

Residence: 2801 Avery Dr., #A8
Palm Springs, CA 92264

Mailing Address: 2801 Avery Dr., #A8
Palm Springs, CA 92264

---

## JUDGMENT AND PROBATION/COMMITMENT ORDER

---

In the presence of the attorney for the government, the defendant appeared in person, on: **JANUARY 22, 2001**
Month / Day / Year

## COUNSEL:
__ WITHOUT COUNSEL
However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

  XX  WITH COUNSEL: Victor Sherman

## PLEA:
  XX  GUILTY, and the Court being satisfied that there is a factual basis for the plea.

## FINDING:
There being a finding of GUILTY, defendant has been convicted as charged of the offense(s) of:
  18 USC 152,2: Bankruptcy Fraud, Causing An Act To Be Done (Count 3), Class D Felony

## JUDGMENT AND PROBATION/COMMITMENT ORDER:
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged defendant guilty as charged and convicted and ordered that:

Defendant shall pay a fine of $2,000.00.

It is ordered that the defendant shall pay to the United States a special assessment of $50.00 which is due immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, NILO LIMCAOCO SANTOS, is hereby committed on Count 3 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) days. Defendant shall be given credit for time served.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years under the following terms and conditions: 1) the defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2) during the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; 3) the defendant shall notify the Court, through the Probation Office, of any material change in his economic circumstances that might affect ability to pay the special assessment; 4) defendant shall pay $2,000.00 fine, interest is not be imposed during supervised release. If fine has not been paid in full after termination of supervised release, defendant shall pay fine as directed by U.S. Attorneys Office; 5) the defedant shall comply with the rules and regulations of the Immigration and Naturalization Service (INS), and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, with 72 hour of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office, located at: Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Ste 4170, Santa Ana, CA 92701-4597 6) upon re-entering the United States, the defendant shall report to the nearest United States Probation Office within 72 hours.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

__ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

ENTER ON ICMS

Signed by: District Judge  HON. ALICEMARIE H. STOTLER
JAN 2 9 2001

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed _____
Month / Day / Year

By _____
Debra Beard, Deputy Clerk

United States District Court
Central District of California

UNITED STATES OF AMERICA vs                                         SA CR 96-26-AHS

Defendant NILO LIMCAOCO SANTOS                                      Date: January 22, 2001

## JUDGMENT AND PROBATION/COMMITMENT ORDER

Continued from Page 1

The defendant shall report immediately to the United States Probation Office located at the Ronald Reagan Federal Building and United St Courthouse, 411 West Fourth Street, Suite 4170, Santa Ana, California, to commence supervision.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgmei imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted b law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

___ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: District Judge _____
HON. ALICEMARIE H. STOTLER

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed  Jan 22, 2001                                           By _____
Month / Day / Year                                                  Debra Beard, Deputy Clerk